IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CANTON

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. 15-61891 |
| | ) | |
| **CHAPMAN, GLENDA DENISE** | ) | CHAPTER 7 |
| **CHAPMAN, HARRY LEE** | ) | |
| | ) | **JUDGE KENDIG** |
| Debtors | ) | |
| | ) | |
| **KERRY EATON** | ) | ADV. NO. 15-06110 |
| P.O. BOX 264 | ) | |
| Friendly, WV 24146 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **KERRY EATON, LLC** | ) | |
| P.O. BOX 264 | ) | |
| Friendly, WV 24146 | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **GLENDA DENISE CHAPMAN** | ) | |
| 130 W. 21st Street | ) | |
| Dover, OH 44622 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **HARRY LEE CHAPMAN** | ) | |
| 130 W. 21st Street | ) | |
| Dover, OH 44622 | ) | |
| | ) | |
| Defendants | ) | |

## AMENDED COMPLAINT OBJECTING TO AND/OR DETERMINING DISCHARGEABILITY OF DEBT

Now comes Kerry Eaton and Kerry Eaton, LLC, (each a "Plaintiff" and together "Plaintiffs") by and through counsel, and as and for their Complaint against the

defendants herein, Glenda D. Chapman and Harry L. Chapman (collectively "Defendants") state as follows:

## I. JURISDICTION, VENUE AND PARTIES

1. This action is properly commenced as an adversary proceeding pursuant to Fed. R. Bankr. Proc. 7001.

2. This adversary proceeding relates to and arises in the Chapter 7 case of Glenda D. Chapman and Harry L. Chapman, Case No. 15-61891, pending in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division at Canton.

3. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and the General Order No. 2012-7 entered in this District on April 4, 2012, and the claims set forth herein are core proceedings within the meaning of the United States Bankruptcy Code or are related proceedings and Plaintiff consents to the entry of a final judgment by this Court in the within proceeding.

4. This Court has personal jurisdiction over Defendants pursuant to Fed. R. Bankr. Proc.7004.

5. This District is the proper venue for this adversary proceeding pursuant to 28 U.S.C. §1408 and/or §1409.

6. Plaintiffs are creditors of the debtors, Glenda Chapman and Harry Chapman.

7. Defendants have acknowledged that Plaintiffs are creditors of Defendants by voluntarily listing Plaintiffs in Schedule F of Defendants' Chapter 7 bankruptcy petition.

2

8. Plaintiff Kerry Eaton is an individual who works as a landman in the Petroleum Industry. He is the sole member of Plaintiff, Kerry Eaton, LLC, the company through which he is engaged with other petroleum industry professionals as an independent contractor.

9. Plaintiffs are holders of secured and unsecured claims against Defendants.

10. Defendants Glenda Chapman and Harry Chapman are debtors in bankruptcy, having filed their petition seeking relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on September 10, 2015.

## II. STATEMENT OF FACTS COMMON TO ALL CLAIMS

Plaintiffs reallege and reaver each and every allegation set forth above and further state:

11. In 2012, Plaintiffs were solicited to provide time and labor and to advance costs by Defendant Glenda Chapman who represented that she was acting on behalf of Agri Land Mineral Management, LLC ("ALMM") and Petroleum Land Service, LLC., ("PLS"). Upon information and belief, neither ALMM nor PLS has filed bankruptcy as of the date of this Complaint.

12. Plaintiffs worked for Defendants and ALMM and PLS in Kansas and in Illinois for several months pursuant to repeated promises that Plaintiffs would be compensated for all time and expenses incurred including but not limited to expenses for travel, room and board and meals.

13. In reliance upon these promises made by Defendants, the Plaintiffs invested over $100,000.00 in time, labor and costs to work for Defendants.

14. It was not until after Plaintiffs had incurred approximately $100,000.00 in labor and costs (advanced to travel and reside out of state for extended periods of time) that Plaintiffs learned that neither Defendants, nor ALMM or PLS had any intention of ever paying the Plaintiffs.

15. In addition, Defendant Glenda Chapman misrepresented to Plaintiff Kerry Eaton that she had a business opportunity involving certain mineral rights but she needed Eaton to advance $10,000.00 that she needed for this investment. Defendant claimed that this investment would assist her in being able to pay debts already incurred and owing to Plaintiff.

16. In reliance upon the representations and promises of Defendants, Plaintiffs paid the additional $10,000.00 to Glenda Chapman personally.

17. It was not until after the Plaintiffs invested $10,000.00 with Defendant Glenda Chapman to supposedly invest in certain mineral rights that Plaintiffs realized that this was a scam and that Defendant misrepresented both the nature of the investment opportunity as well as her intention to even repay the $10,000.00 invested by the Plaintiffs.

18. The promises and assertions made by Defendants to solicit the Plaintiffs to invest time, labor, costs and money were false.

19. At the time the Defendants made the promises and assertions set forth above, Defendants knew that they were making false and fraudulent assertions to the Plaintiffs for the specific purpose of inducing Plaintiffs to invest time, labor, costs and money for which Defendants knew Plaintiffs would receive no value.

4

20. In December of 2014, Plaintiffs filed a complaint in the Hamilton County, Illinois, Second Judicial Circuit Court. An accurate copy of this complaint is attached to complaint for non-dischargeability as **"Exhibit A."**

21. On or about July 21, 2015, the Illinois State Court entered Judgment against ALMM and PLS for $116,904.10. This amount with interest was $118,871.35 at the time Defendants filed their Chapter 7 Petition and Defendants are seeking to discharge this obligation on behalf of themselves and/or ALMM and PLS.

22. In addition, on or about July 21, 2015, the Illinois State Court entered judgment against Defendant Glenda Chapman for $14,485.21 for the loan/investment made by Plaintiff that was not repaid. An accurate copy of this judgment order is attached to the complaint for non-discharegability as **"Exhibit "B."**

23. The actions of the Defendants also constitute false pretenses, false representations and fraud and thus the debts to the Plaintiffs listed in the Defendants Bankruptcy Schedules are precluded from discharge pursuant to 11 U.S.C. §523(a)(2)(A).

### III. ALTER EGO- PIERCING THE CORPORATE VEIL

Plaintiffs reallege and reaver each and every allegation set forth above and further state:

24. The judgment against ALMM and PLS stemmed from work performed in Illinois by the Plaintiff at the request of the Debtors. The Debtors solicited the Plaintiffs to relocate to Illinois, advance cost of living expenses and forego other opportunities. The Debtors then asked the Plaintiff to execute and independent contractor agreement that was purportedly with PLS. However, the only payments made for money owed to Plaintiff was made by Debtors individually or ALMM.

25. Furthermore, the Illinois Secretary of State website confirms that PLS was never even registered to do business in Illinois.

25. The debtors bankruptcy schedules also show that debtors were self-employed doing business as ALMM in 2013, but not doing business as PLS.

26. Subsequent to the filing of this action, the IRS filed a claim for over four hundred thousand dollars against debtors stemming from unpaid taxes including taxes owed dating back prior to 2012. Thus, at the time that the Debtors entered into the underlying transaction with the Plaintiffs, purportedly on behalf of PLS, debtors knew that PLS was not even registered to do business, that neither the Debtors, nor any entity they operated, had the ability to honor the obligations being made by the Debtors.

27. The Debtors have disregarded the corporate formalities by operating independently and intermingling funds and contending to be operating as an entity that was not even registered to do business. Defendant also failed to disclose the existence of other entities that they did business as on their bankruptcy schedules.

28. The Debtors have exercised control over PLS and ALMM that was so complete that these entities had no separate mind or will or existence of their own.

29. The Debtors exercised their control over the entities to commit fraud and other illegal acts and these actions did cause injury to the Plaintiffs.

30. The actions of the Debtors, as set forth hereinabove, constituted false pretenses, false representations and fraud on the part of the individual Debtor Defendants and ALMM and PLS are merely the alter egos of Debtor Defendants.

6

31. Accordingly, the Plaintiffs are entitled to pierce any corporate veil alleged by Defendant Debtors.

31. Thus, judgment pursuant to 11 U.S.C. 523(A)(2)(a), should include all amounts contained in the Judgment obtained against ALMM and PLS and this judgment against the Defendants should be determined to be a debt of the Defendants and non-dischargeable.

**WHEREFORE**, Kerry Eaton and Kerry Eaton, LLC, pray that the Court enter an order: i) sustaining Plaintiffs' objection to the discharge of the debts owed to them in the respective amounts of $118,871.35 and $14,485.21, plus any allowable interest, costs and fees; ii) determining said debts in the total amount of $133,356.56 to be non-dischargeable against the debtor Defendants pursuant to §523 of the Bankruptcy Code; and iii) such other and further relief as the Court deems just and proper.

Respectfully submitted,

Roderick Linton Belfance, LLP

/s/ DAVID S. NICHOL
**DAVID S. NICHOL(#0072194)**
50 South Main, Tenth Floor
Akron, Ohio 44308
Phone (330) 434-3000
Fax (330) 434-9220
dnichol@rlbllp.com
*Counsel for Plaintiffs Kerry Eaton
and Kerry Eaton, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing was served via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List on June 20, 2016 and to Counsel for the debtors by mail at the following address.

James F. Hausen (0073694)
Bates and Hausen, LLC
215 E. Waterloo Rd., Suite 17
Akron, Ohio 44319
Jimh436@gmail.com

                                                    /s/ David S. Nichol
                                                    David S. Nichol